UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD BAKER,

    Plaintiff,

v.                                                  Case No.: 2:23-cv-00413-SPC-KCD

SOUTH FLORIDA BARBEQUE
OF CLEWISTON, INC.

    Defendant.
_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant, South Florida Barbeque of Clewiston, Inc. ("SFBBQ" or "Defendant"), answers the First Amended Complaint ("the Amended Complaint") filed by Plaintiff, Reginald Baker ("Plaintiff"), and states as follows:

**GENERAL ALLEGATIONS**

1.     SFBBQ admits that Plaintiff styled his claim under the FMLA raising claims of discrimination and retaliation. SFBBQ further admits that Plaintiff was employed in Hendry County, Florida and that this Court has jurisdiction over Plaintiff's claims. SFBBQ denies any allegations, either express or implied, that it violated the FMLA or is otherwise liable to Plaintiff.

2.     SFBBQ admits the allegations in Paragraph 2 of the Amended Complaint.

3. SFBBQ admits the allegations in Paragraph 3 of the Amended Complaint.

4. SFBBQ admits the allegations in Paragraph 4 of the Amended Complaint.

5. SFBBQ admits that Plaintiff was a covered employee under the FMLA. SFBBQ denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. SFBBQ admits that venue is proper in this Court. SFBBQ denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. This Paragraph does not constitute an allegation. However, SFBBQ denies that Plaintiff is entitled to any of the relief that he seeks.

8. SFBBQ is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Amended Complaint.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. SFBBQ admits that Plaintiff worked as a dishwasher earning $12.00 per hour and was hired in September 2020. SFBBQ denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10. SFBBQ admits the allegations in Paragraph 10 of the Amended Complaint.

11. SFBBQ admits that in late-March and early-April of 2022 Plaintiff was excused from work after providing a doctors' note for an illness. SFBBQ admits further that Plaintiff returned to work without issue on the date he was released by

his physician. SFBBQ denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. SFBBQ admits that Plaintiff was supervised by Charkata Pugh and Patricia Weber. SFBBQ admits further that the supervisors were often referred to and Ms. Peaches and Ms. Pat, respectively. SFBBQ denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. SFBBQ admits that Plaintiff told his General Manager that he needed time off in March 2023 for a medical reason. SFBBQ is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Amended Complain.

14. SFBBQ denies that Plaintiff provided any medical documentation related to his absences in March 2023. SFBBQ is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Amended Complaint.

15. SFBBQ denies the allegations in Paragraph 15 of the Amended Complaint.

16. SFBBQ denies the allegations in Paragraph 16 of the Amended Complaint.

17. SFBBQ admits that it permits employees who have medical issues to take time off without issue so long as they provide adequate documentation.

18. SFBBQ denies the allegations in Paragraph 18 of the Amended Complaint.

19. SFBBQ denies the allegations in Paragraph 19 of the Amended Complaint.

20. SFBBQ denies the allegations in Paragraph 20 of the Amended Complaint.

## COUNT I
### *Retaliation Under the FMLA*

21. SFBBQ restates its responses to Paragraphs 1-20.

22. SFBBQ admits that Plaintiff is covered under the FMLA.

23. SFBBQ admits the allegations in Paragraph 23 of the Amended Complaint.

24. SFBBQ denies the allegations in Paragraph 24 of the Amended Complaint.

25. SFBBQ denies the allegations in Paragraph 25 of the Amended Complaint.

26. SFBBQ denies the allegations in Paragraph 26 of the Amended Complaint.

27. SFBBQ denies the allegations in Paragraph 27 of the Amended Complaint.

SFBBQ denies that Plaintiff is entitled to any of the relief that he seeks in his prayer for relief.

## DEFENSES

SFBBQ asserts the following defenses to and specific denials of Plaintiff's claims. SFBBQ does not concede that any of these defenses are affirmative in nature and reserves the right to amend its defenses as discovery in the case progresses.

### First Defense

To the extent that Plaintiff failed to properly state a claim under the FMLA, he is not entitled to relief.

### Second Defense

Plaintiff is not entitled to compensatory damages for mental anguish, personal suffering, or loss of enjoyment of life as those are not available remedies under the FMLA.

### Third Defense

SFBBQ has acted in good faith and with reasonable grounds to believe that any actions taken were not in violation of the FMLA. Therefore, to the extent Plaintiff seeks liquidated damages, SFBBQ cannot be held liable for liquidated damages.

### Fourth Defense

To the extent Plaintiff claims entitlement to leave under the FMLA and to the extent Plaintiff did not have a serious health condition or Plaintiff was not eligible or entitled to leave under the requirements of the FMLA, Plaintiff has no standing to sue and/or his FMLA claims are barred.

<u>Fifth Defense</u>

To the extent that Plaintiff failed to comply with SFBBQ's policies and directions with regard to obtaining or taking leave, including but not limited to failing to put SFBBQ on notice that any condition might qualify as a serious health condition or providing notice or certification of the need for leave in accordance with SFBBQ's policies and the requirements of the FMLA, his FMLA claims are barred.

WHEREFORE, SFBBQ respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice, award SFBBQ its attorneys' fees and costs incurred in defending this action, and award any other relief that the Court deems just and proper.

Dated:   June 15, 2023

Respectfully submitted,

**F**ORD**H**ARRISON **LLP**

*/s/ Christopher C. Johnson*
Christopher C. Johnson
Florida Bar No. 105262
cjohnson@fordharrison.com
Hannah M. Yoder
Florida Bar No. 1018286
hyoder@fordharrison.com

401 East Jackson Street, Suite 2500
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

*Attorneys for SFBBQ*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 15, 2023, I filed the foregoing using the Court's CM/ECF system which will serve a copy on all counsel of record, including:

Daniel H. Hunt
P.O. Box 565096
Miami, Florida 33256
dhuntlaw@gmail.com

                                           */s/ Christopher C. Johnson*
                                           Attorney